## J. FRANKLIN FORD v. JACOB MILLER.

Where a tutor makes a promissory note, the consideration of which is the board and tuition of the minor, and he is removed from the tutorship, and is not credited with the amount of the note in his settlement of his account with the minor, or the tutor which succeeds him, the payee of the note cannot recover of the maker if he had knowledge of the consideration—it is a charge on the estate of the minor.

APPEAL from the District Court, Parish of Bossier, *Weems*, J. *F. M. Ford*, for appellant. *Snyder & Griffin*, for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. This suit is brought against the defendant to recover the sum of $248 88, with interest, on a note executed by defendant as tutor, in favor of plaintiff, dated April 6th, 1861, and due 1st March, 1862.

The defendant was tutor to the minor, Miss Caledonia Alford. The plaintiff held an account against the latter for board, tuition, etc., for parts of the years 1860 and 1861; this account was made in the name of the defendant, as tutor to said minor, and amounted to $248 88, corre-

Ford v. Miller.

sponding exactly with the amount of the note sued upon.   The plaintiff gave a receipt at the foot of the account, as follows :   *Received note for the above, of .Jacob Miller, tutor.*

It is admitted that the consideration of the note was for board, tuition, etc., as stated in the account; that the defendant was tutor of the minor but a short time, and that he resigned, and his resignation accepted as tutor, but his bond, as such, has not been canceled; that the account for which the note was given was never used as a voucher, in any settlement between the minor and her tutor, the present defendant, or his successor; nor has ever the said minor been charged with the amount of said account.

Upon that evidence of the facts of the case by the admission, the District Court gave judgment for the defendant, and the plaintiff appealed.

The defence is that the defendant acted as tutor of the minor, and is not bound personally.

We are of opinion that the District Court decided correctly.   The tutor was a legal agent for the minor, who justly owed the account for which the defendant, acting as tutor, gave the note.   There was no novation ; the account was only liquidated by the note; the same relation of creditor and debtor continued between the said plaintiff and the tutor.   C. C. Art. 2188.   *Smith* v. *Brown, tutor,* 12 An. 299, 840.

The judgment of the District Court is affirmed, with costs.